UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 23-cr-228 (TSC) |
| | : | |
| STEPHEN ROY SEXTON | : | |

### AMENDED MOTION TO MODIFY AND/OR CLARFIY CONDITIONS OF RELEASE

Mr. Stephen R. Sexton, by and through undersigned counsel, respectfully requests that this Court modify and/or clarify Mr. Sexton's conditions of release. Specifically, Mr. Sexton asks that his bond conditions be modified to approve a Columbia, South Carolina address as his primary residence; and that the Court provide further clarification of other conditions of release as discussed in greater detail below.

A sealed Indictment charging Mr. Sexton with various violations of federal law was filed on July 12, 2023. The case was unsealed on July 19, 2023, at which time Mr. Sexton was arrested and made an Initial Appearance pursuant to Fed. R. Crim. Pro. 5 in South Carolina. At that time, a twenty-five thousand dollar unsecured bond was granted by Magistrate Judge Paige J. Gossett in South Carolina subject to the following conditions:

(7) The Defendant must

(a) Submit to supervision by and report for supervision to the DC Pretrial Services weekly by phone.
. . .
(e) Not obtain a passport or other international travel document.
(f) Abide by the following restriction on personal associations, residence or travel: Travel restricted to the State of SC without prior permission of the Court through Pretrial Services, stay out of DC except for Court and meetings with attorney.
. . .
(k) Not possess a firearm, destructive device or other weapon.

. . .

   (m) Not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

   (n) Submit to testing for a prohibited substance if required by the pretrial services officers or Supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency or accuracy of prohibited screening or testing.

. . .

   (t) Do not enter federal property or facilities except for business related to pending charges or as otherwise authorized in advance by US Pretrial Services.

   (u) Reside with mother in Winnsboro, SC and follow her house rules.

Thereafter on August 1, 2023, Mr. Sexton made his first appearance (by video) in the District of DC and was arraigned in front of Magistrate Judge Moxila A. Upadhyaya on August 1, 2023. He was release on personal recognizance with the following conditions:

(7) The Defendant must

   (a) Submit to supervision by and report for supervision to the Pretrial Services for the District of South Carolina as directed and verify address telephone number 803-253-3310, no later than _____

. . .

   (d) Surrender any passport to the District of South Carolina.

   (e) Not obtain a passport or other international travel document.

   (f) Abide by the following restriction on personal associations, residence or travel: Stay away from Washington, DC except for attendance at Court proceedings, meeting with counsel, and required PSA business. All travel outside the continental United States must be approved by the Court.

. . .

   (k) Not possess a firearm, destructive device or other weapon.

. . .

   (m) Not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

   (n) Submit to testing for a prohibited substance if required by the pretrial services officers or Supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency or accuracy of prohibited screening or testing.

. . .

    (s) Report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning or traffic stops.

    (t) The defendant is to notify PSA in advance of all travel outside the home jurisdiction. Comply with all the rules and regulations of Courtesy supervision set by the District of South Carolina.

The defendant is to reside in a trailer located in Winnsboro, South Carolina on his mother's property and follow her house rules.

The defendant is to contact Pretrial Services for the District of Columbia at 202-442-1000 no later than Thursday, 8/3/2023 to complete a Pretrial Interview.

Do not enter federal property or facilities except for business related to pending charges or as otherwise authorized in advance by US Pretrial Services

The defendant is permitted to go to the Post Office without advance notice to US Pretrial Services.

The defendant's knives that are associated with his business are not observed as dangerous weapons. The defendant is permitted to travel to various trade shows with his knives with advance notification from US Pretrial Services.

A status hearing was set for August 8, 2023 at 2:30 pm by Telephonic/VTC before Judge Tanya S. Chutkan. On that day, a Pretrial Services Agency Status report was filed. Issues were noted as outlined in the report with regard to the verification of defendants' address and possession of firearms, destructive devices or another weapon. As a result, certain pretrial supervision adjustments were recommended including the following:

- The defendant provide the District of South Carolina with documentation verifying his business is registered.
- The defendant provide verification regarding the previous trading and selling of his weapons.
- The courtesy supervision officer has access to the parent's home to ensure weapons are secured and to confirm defendant does not have access to these weapons.
- The defendant does not carry any weapons on his person
- The defendant confirm his address for the Court.

The hearing convened but then was adjourned by the Court given that the PSA Status Report was not received by all parties prior to the hearing. Another status conference was set for August 17, 2023, an updated Pretrial Services Agency Report on the status of Defendant's Compliance with his conditions of release was to be prepared and filed with the Court by August 16, 2023.

A status hearing was held on August 17, 2023, by Telephonic/VTC before Judge Chutkan. The updated PSA Status Report continued to note issues with the defendant's residence, firearm possession and his business. The Report included a recommendation that defendant be allowed to live at an alternative address as the initial address noted in the bond paperwork was determined to be uninhabitable; and that the Court instruct the defendant to comply with the current conditions pertaining to travel and firearms. Defense counsel was not provided a copy of the PSA Status Report prior to the hearing and did not have the requisite filing permissions to view it on the Court's docket. Additionally, after the hearing began, the Court received information that the noted recommended residence was actually not being approved by US Probation. Accordingly, the Court chose to adjourn the hearing and rescheduled for Friday, August 25, 2023.

An updated PSA Status Report was filed on August 23, 2023. It indicates that United States Probation has conducted a home visit and finds suitable a residence in Columbia SC (exact address noted in the report) and recommends its approval by the Court. As well, the Report requests that the Court instruct the defendant to comply with current conditions pertaining to travel and firearms. The report also notes a positive test for marijuana on August 16, 2023, but indicates that a comprehensive report is needed to establish whether the results are new or residual.

Given that a residence has now been approved by US Probation, it appears that some of the prior issues previously noted may now moot. Nonetheless, Defendant has provided the attached documentation to US Probation in attempts to be in full compliance.

As to the verification documentation of defendant's business being currently registered, Defendant has submitted a business registration application, and certificate of business registration from Fairfield County for Buddy's CNC, which is noted as a retail trade/agricultural business owned by Mr. Sexton. He has also provided a copy of a business card, a handwritten invoice for knives from Eagle Knives, a City of Laconia Motorcycle Week Vending License from 2019, and an email inquiry as to leasing space at Concord Mills to sell his knives to demonstrate a past and ongoing business activity. See Exhibit 1.

As to verification regarding the previous trading and selling of his own weapons, Defendant has provided pawn shop receipts covering four firearms and a handwritten bill of sale for a 12-gauge shotgun. See Exhibit 2.

As to the recommendation that the courtesy supervision officer have access to the parent's home to ensure weapons are secured and to confirm defendant does not have access to these weapons, this request may be moot given that this will no longer be Mr. Sexton's primary residence. However, given that Mr. Sexton will likely be present on this rural property working on the land, he has provided a handwritten note, which he indicates is from his father clarifying that the three handguns previously unaccounted for during the August 4, 2023, home visit at the parent's residence are now accounted for and secured. See Exhibit 3.

As to the recommendation that defendant not carry any weapons on his person, Mr. Sexton asks that he continue to be allowed to carry a knife with a blade length of three inches or less when

he is actively working on the rural land tracts, or on his leather business as a tool of the trade as previously provided by the Court at a prior bond hearing.

Again, as to the final recommendation, that defendant confirm his address for the Court, the Columbia SC residence has been approved by Probation and recommended to the Court for consideration.

With regards to the bond condition that Mr. Sexton not travel outside of the District of South Carolina as the home district without prior notification, Mr. Sexton asks for instruction on this condition by the Court for travel into the neighboring state of North Carolina. As noted above, Mr. Sexton is in the process of trying to obtain a lease and get a set location for operation of his knife business in the Concord Mills area in North Carolina where he could sell his knives on a daily basis. He will need to be back and forth to Concord Mills in the upcoming weeks to work on finalizing plans for this business opportunity. If this opportunity comes to fruition, he believes he will have a daily work schedule in Concord Mills. He would like to know if he needs to notify US Probation each time he travels into North Carolina to this area for business purposes. While this travel does cross state lines, it is not far from where he runs his laser machine and works on the farms in Winnsboro, South Carolina. He also would like the opportunity to attend the Elevation Churches in this same general area of North Carolina; and would like to know if that is permissible; and if he needs to notify US Probation each time he travels to the Concord area for church services.

Additionally, Mr. Sexton would like instruction as to the amount of notification that needs to be given prior to a trade show and what type of travel itinerary details need to be provided. While some of the larger shows book out in advance, some of the smaller shows are less organized and have wait lists for which he may only get a booth a couple of days in advance of the show.

Finally, Defendant asks for clarification as to whether he can occasionally stay at the second potential residence which was initially approved in the second updated PSA Status Report, but then had approval withdrawn after consultation with the USP Supervisor. This RV is where Mr. Sexton keeps his laser cutter and engraver, which he advises is a Boss CO2Laser LS 1420. When he is working on a leather burn, it may take hours and go into the late evening, early morning hours. On these occasions, he would like permission to stay in the RV as he cannot leave the machine unattended.

For the foregoing reason, Mr. Sexton respectfully requests that the Court approve the primary residence in Columbia, South Carolina which has been inspected and recommend by US Probation; and that the Court clarify certain details with regards to other bond conditions as noted herein.

Respectfully Submitted,

/s/ *Casey P. Riddle*
Casey P. Riddle
Federal Public Defender, District of South Carolina
Assistant Federal Public Defender
c/o McMillan Federal Building
401 W. Evans Street, Suite 105
Florence, South Carolina 29501
Telephone: (843) 662-1510

August 24, 2023

Florence, South Carolina