UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **STEPHEN ROY SEXTON**, <br><br> Defendant. | Criminal Action No. 23-cr-228 (TSC) |

**PROPOSED PRETRIAL ORDER**

1. **TRIAL.**  Trial in this matter will begin on **November 4, 2024**, at **9:30 a.m.** in Courtroom 9.

2. **PRE-TRIAL CONFERENCE.**  A pre-trial conference will be held on **October 21, 2024**, at **10 a.m.** in person in Courtroom 9, unless the parties jointly request to appear by videoconference.  The court will rule on all pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary.

3. **SUPPRESSION MOTIONS.**  Any motions to suppress statements or tangible things shall be filed on or before **June 28, 2024**.  Oppositions shall be due **July 19, 2024**.  Replies shall be due **July 26, 2024**.  The court will schedule a hearing on the motion(s) as necessary.

4. **PRE-TRIAL MOTIONS.**  All other pre-trial motions, excluding motions in limine, shall be filed on or before **August 9, 2024**.  Oppositions shall be due **August 23, 2024**.  Replies shall be due **August 30, 2024**.

5. **FED. R. EVID. 404(b) NOTICE.**  Not later than **July 26, 2024**, the government shall provide notice of evidence it intends to offer pursuant to Fed. R. Evid. 404(b).

6. **MOTIONS *IN LIMINE*.**  All motions *in limine* shall be filed on, or before, **September 20, 2024**.  Responses shall be filed not later than **October 4, 2024**.  Replies shall be due **October 11, 2024**.

7. **VOIR DIRE.**  Chambers will send counsel Judge Chutkan's standard voir dire.  Counsel shall submit any objections or proposed additions to the voir dire on or before **October 14, 2024**.

8. **PROPOSED JURY INSTRUCTIONS.**  Counsel shall file proposed jury instructions and a proposed verdict form—jointly to the extent possible—on or before **October 14, 2024**.  To the extent that they are pattern jury instructions from the current version of the Redbook, it is sufficient simply to list the numbers of those instructions.  Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction.  Proposed instructions shall be filed on ECF.  The parties shall indicate (a) the instructions on which the parties agree; and (b) the instructions on which the parties disagree.

9. ***BRADY* AND *GIGLIO*.**  The Government is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (*Brady*) as it becomes available, whether or not admissible in evidence.  *Brady* information must be disclosed on a rolling basis; "the duty to disclose is ongoing."  *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987).  To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **October 28, 2024**.  *See United States v. Celis*, 608 F.3d 818, 835–36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.  The Government may request a protective order to preclude counsel from sharing *Giglio* information with their client.

10. **EXPERT WITNESSES.**  The parties shall disclose any expert witnesses accompanied by a brief description of each witness' area of expertise and expected testimony by **August 28, 2024**.

11. **EXHIBIT LISTS.**  The parties shall exchange lists of exhibits they intend to use in their cases-in-chief by **October 14, 2024**.  The parties shall file objections to the admissibility of exhibits to the extent practicable by **October 18, 2024**.  All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk.  The written list of exhibits must contain a brief description of each exhibit.  At the

commencement of trial, counsel shall furnish the court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

12. **WITNESS LISTS.**  The parties shall exchange lists of witnesses in their cases-in-chief by **October 14, 2024**.  On that same date, the Government shall also provide to the defense all Brady or Giglio material not previously provided pertaining to each witness on the list.  Counsel will not be absolutely bound by the witness lists or the sequence.  In some cases, security concerns may justify nonidentification of witnesses by the Government until shortly before they are actually called.  These situations, if any, shall be brought to the court's attention in camera when the witness list excluding those names is provided to defense counsel.

13. **JURY SELECTION.**  The court will summarize its jury-selection procedures at the pre-trial conference.

14. **COVID-19 PROTOCOLS.** The parties shall familiarize themselves with standing orders regarding court-wide COVID-19 protocols.[1]  Given the dynamic nature of the pandemic, the court will issue more specific instructions regarding masking and distance protocols for trial closer to the trial date.

Date:

_____
TANYA S. CHUTKAN
United States District Judge

---

[1] *See* dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements.