UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-cr-00228-TSC-1 |
| | : | |
| STEPHEN ROY SEXTON, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO STAY SENTENCING

Defendant Stephen Roy Sexton, through undersigned counsel, moves to stay the sentencing hearing scheduled for December 16, 2024.  The Government opposes this request.

### Background

On July 12, 2023, Mr. Sexton was indicted on charges relating to the events at the U.S. Capitol on January 6, 2021.  ECF No. 1.  He was arrested and released on July 19, 2023.  ECF No. 5; *see also United States v. Sexton*, No. 3:23-cr-00564-PJG-1 (D.S.C.).

On September 11, 2024, Mr. Sexton pled guilty to two misdemeanor offenses, namely (1) destruction of government property ($1,000 or less), in violation of 18 U.S.C. § 1361, and (2) disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2).  ECF No. 41.

On November 5, 2024, Donald J. Trump was elected President of the United States. President-Elect Trump has repeatedly stated he will promptly issue pardons and grant clemency to January 6 defendants.  *See, e.g.*, *Trump Says He Would 'Absolutely' Pardon Jan. 6 Rioters*, PBS NewsHour, YouTube (July 31, 2024), https://www.youtube.com/watch?v=BR5ewt-ZjkE (last visited Nov. 21, 2024); Transcripts of Donald Trump's Interviews with TIME, Time (Apr. 12 & 27, 2024) ("[Q:] Will you consider pardoning every one of them?  Trump: I would consider that, yes.  [Q:] You would?  Trump: Yes, absolutely."), https://time.com/6972022/donald-trump-

transcript-2024-election (last visited Nov. 22, 2024); Transcript of CNN's Town Hall with Former President Donald Trump, CNN (May 11, 2023) ("I am inclined to pardon many of them."); *id.* ("[I]f I get in, I will most likely – I would say it will be a large portion of them. . . . And it'll be very early on.").[1]

Mr. Sexton's sentencing is currently scheduled for December 16, 2024. Thirty-five days later, on January 20, 2025, President-Elect Trump will be inaugurated and assume office as President of the United States, thereby receiving the "Power to grant Reprieves and Pardons for Offences against the United States." U.S. Const. art. II, § 2, cl. 2; *see Yelvington v. Presidential Pardon & Parole Att'ys*, 211 F.2d 642, 643 (D.C. Cir. 1954) ("The pardoning power is one which the Constitution expressly vests in the President.").

## Discussion

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (cleaned up).

A court considers four factors in determining whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.* "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm

---

[1] https://perma.cc/HC5Y-3XLT; *see generally, e.g.*, *United States v. Trump*, 88 F.4th 990, 1012 n.2 (D.C. Cir. 2023) (citing this transcript).

to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party." *Id.* at 435.

The four factors required for a stay are satisfied. First, Mr. Sexton is likely to receive a pardon based on President-Elect Trump's repeated statements to pardon January 6 defendants, particularly those like Mr. Sexton who did not assault law enforcement officers. President-Elect Trump said he would pardon January 6 defendants "very early on": that timeframe could likely be his inauguration address on January 20. *See Rosemond v. Hudgins*, 92 F.4th 518, 527 (4th Cir. 2024) (explaining "the clemency power can be exercised without a writing"); *id.* ("[T]he President could proclaim at a press conference in the Rose Garden that he has pardoned a particular individual, and that would be a valid act under Article II, § 2, Clause 2 of the Constitution, even absent a writing.").

Second, Mr. Sexton will suffer irreparable injury absent a stay because the advisory Sentencing Guidelines range, as currently calculated, is 8 to 14 months' imprisonment. The injury—going to prison—is "actual and not theoretical." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). Even a single day in prison will irreparably injure Mr. Sexton. Thus, "there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (internal quotation marks omitted); *see Kotz v. Lappin*, 515 F. Supp. 2d 143, 152 (D.D.C. 2007) (recognizing incarceration causes irreparable injury because it is "a deprivation of one's physical liberty").

Finally, the Government will not suffer any harm with a pause in Mr. Sexton's sentencing proceeding, as it is surely in the public's interest not to punish somebody when that punishment will likely be set aside. *See Nken*, 556 U.S. at 435 (clarifying the latter two factors for a stay merge). The Government has opposed continuance requests by arguing "[t]here is a public interest

in the prompt and efficient administration of justice." *United States v. Baker*, No. 1:24-cr-00121-CRC, ECF No. 60 (D.D.C. filed Nov. 11, 2024). This argument ignores the clear relationship between the public interest and the pardon power.

The Supreme Court has discussed "the principles of pardons in the law of the United States" and how the "public welfare" relates to the pardon power:

> A pardon in our days is not a private act of grace from an individual happening to possess power. It is a part of the Constitutional scheme. *When granted it is the determination of the ultimate authority that the public welfare will be better served by inflicting less than what the judgment fixed.* Just as the original punishment would be imposed without regard to the prisoner's consent and in the teeth of his will, whether he liked it or not, the public welfare, not his consent determines what shall be done.

*Biddle v. Perovich*, 274 U.S. 480, 486 (1927) (emphasis added); *see United States v. Flynn*, 507 F. Supp. 3d 116, 136 (D.D.C. 2020) (citing *Biddle*). Importantly, the "executive can reprieve or pardon all offenses after their commission, either before trial, during trial or after trial, by individuals, or by classes, conditionally or absolutely, and this without modification or regulation by Congress." *Flynn*, 507 F. Supp. 3d at 136 (quoting *Ex parte Grossman*, 267 U.S. 87, 120 (1925)). Thus, Mr. Sexton could be pardoned before a sentencing hearing occurs or a judgment is entered.

Mr. Sexton was arrested and released over a year ago in July 2023. He has been on bond for almost 500 days. As the Court has noted, Mr. Sexton had some "bumps in the road" during the early stage of his pretrial supervision. Over the past year, however, Mr. Sexton has complied with his conditions of release, including maintaining employment. Inauguration Day is less than two months away. A brief stay is the most prudent course given "the circumstances of the particular case." *Nken*, 556 U.S. at 433; *see, e.g.*, *United States v. Lang*, No. 1:21-cr-00053-CJN-1 (D.D.C.

Nov. 19, 2024) (granting in part "Motion to Continue Based on Potential Pardon/Clemency," ECF No. 160).

## Conclusion

Mr. Sexton respectfully moves for this Honorable Court to stay his sentencing. Doing so will conserve judicial resources and best serve the interests of justice.

Respectfully submitted,

*/s/ Edmund G.M. Neyle*
Assistant Federal Public Defender
c/o McMillan Federal Building
Florence, South Carolina 29501
Telephone: (843) 662-1510
Attorney ID #: 13832

*/s/ Casey P. Riddle*
Assistant Federal Public Defender
c/o McMillan Federal Building
Florence, South Carolina 29501
Telephone: (843) 662-1510
Attorney ID#: 12315
**Attorneys for Defendant**

Florence, South Carolina

November 26, 2024